IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD PETERSEN,

                              Plaintiff,

       v.                                                    OPINION and ORDER

HORMEL FOODS CORPORATION and                                 24-cv-137-jpd
JENNIE-O TURKEY STORE, INC.,

                              Defendant.

---

This personal injury suit arises out of an incident at a plant operated by defendants Hormel Foods Corporation and Jennie-O Turkey Store, Inc.  Plaintiff Richard Petersen alleges that, while employed by Schmidt Transportation, Inc, he drove a truck containing liquid lysine to defendants' plant where an employee directed him to empty the lysine into a specific tank. He did so, but this tank contained anatox, and the mixture of lysine and anatox created a cloud of poisonous vapor that Petersen alleges caused him injuries.  He sued defendants, claiming negligence and violations of Wisconsin's safe place statute.  Dkt. 29.  Defendants deny wrongdoing and countersued Petersen and Schmidt Transportation under their own theory of negligence.  Dkt. 39 & Dkt. 42.

Plaintiff now moves to compel production of various documents.  Dkt. 36.  For the reasons below, the motion is GRANTED in part and DENIED in part.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

ANALYSIS

Plaintiff seeks to compel discovery of three categories of documents: (1) documents withheld as privileged, (2) insurance policies, and (3) documents withheld as confidential. Dkt. 37 at 1–2.  In response, defendants argue as a threshold matter that plaintiff failed to meaningfully meet and confer as required under Rule 37.  Dkt. 43 at 2.  The court first addresses the threshold meet-and-confer issue and then turns to the categories of documents.

**A.  Meet and confer**

Defendants contend that plaintiff did not abide by his Rule 37(a)(1) duty to meet and confer.  Essentially, defendants contend that plaintiff gave up too quickly on the negotiations and that his motion should be denied as a result.  Dkt. 43 at 2–3.  Plaintiff counters that Rule 37(a)(1) does not require serial attempts at resolution before filing a motion to compel. Dkt. 52 at 2.

Plaintiff has the better of the argument.  Rule 37(a)(1) requires all litigants seeking to compel discovery to certify that the movant has conferred in good faith with the party from whom they seek discovery.  Fed. R. Civ. P. 37(a)(1).  This requirement is not a meaningless formality.  Premature motions to compel discovery are likely to fail and thus are a waste of the court's and parties' time.   Yet, satisfying the rule does not require multiple attempts to resolve disputes, let alone exhaustive effort. *Lacy v. Anderson,* No. 20-CV-1014-JDP, 2022 WL 19247, at *1 (W.D. Wis. Jan. 3, 2022).  If the contrary were true, a recalcitrant party could thwart

discovery by making incremental moves towards resolution, only to ultimately hold out on legitimate requests.

Here, both parties agree they met and conferred regarding each category of document plaintiff seeks in his motion. The parties (1) discussed privileged documents, resulting in an amended privilege log, (2) reached an impasse on the disclosure of other insurance policies, and (3) negotiated a protective order draft and narrowed the points of disagreement down to two.[1] Dkt. 38-2 at 3; Dkt. 38-7; Dkt. 45-7; Dkt. 45-8 at 4-6. This distinguishes this case from those defendants cited, where the parties did not communicate at all ahead of seeking court intervention. Dkt. 43 at 3. Plaintiff's efforts satisfy his duty to meet and confer under Rule 37(a)(1) and the court will move ahead with deciding the motion.

## B. Privilege log

Plaintiff seeks documents identified as privileged in defendants' amended privilege log. Dkt. 38-7. Plaintiff argues that the amended log lacks sufficient information for the parties to evaluate defendants' claims of privilege. Dkt. 37 at 5. In addition, plaintiff asserts that certain documents cannot be privileged or that the privilege was waived. *Id.* at 6–7. Plaintiff moves for production or in camera review. *Id.* at 8. In response, defendants largely avoid the merits of plaintiff's argument and instead press the meet-and-confer argument rejected above.

Rule 26(b)(5) dictates the procedure for claiming either work-product or attorney-client privilege. The party claiming the privilege must do so "expressly," and describe the nature of privileged documents in a manner that "will enable other parties to assess the claim." This requires a document-by-document explanation that generally includes (1) the name and job

---

[1] The court resolved the parties' dispute on the protective order in a separate order.

title or capacity of the author(s)/originator(s), (2) the names of all person(s) who received the document or a copy of it and their affiliation (if any) with the producing party, (3) a general description of the document by type, (4) the date of the document, and (5) a general description of the subject matter of the document. *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 380 (S.D. Ind. 2009) (citing *Hobley v. Burge*, 433 F.3d 946, 947 (7th Cir. 2006); *In re Grand Jury Proc.*, 220 F.3d 568, 571 (7th Cir. 2000)).

When reviewed under these standards, defendants' amended privilege log is deficient in multiple ways. Each entry lacks crucial information about the document being withheld, including the roles of the senders/receivers, dates, or useful descriptions. Additionally, it is unclear whether entries eight and ten of the amended log encompass single documents or many. *See* Dkt. 38-7 at 2. Multiple documents cannot be listed as a single entry in the log. This lack of information makes it is impossible for plaintiff and this court to assess whether the withheld documents are in fact privileged. Privileges may be waived or inapplicable depending on several factors, all of which should be apparent from the log.

The court cannot resolve the parties' arguments concerning privilege based on the log in its current state, and so the court will require defendants to review and amend it. In doing so, defendants must keep in mind the legal standards governing both work-product and attorney-client privilege, discussed briefly here:

Rule 26(b)(3), commonly known as the "work product" rule, prohibits discovery of otherwise-discoverable "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). The rule extends only to documents that were created in anticipation of litigation. *See Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1118–19 (7th Cir. 1983). For example, if a

company investigates an accident or event as an ordinary business procedure, any investigative documents born out of that investigation are not privileged work product. *Id.*

Attorney-client privilege is a separate doctrine that protects communications between lawyers and clients and other related actors. This privilege applies to corporate clients. *Upjohn Co. v. United States*, 449 U.S. 383 (1981). The privilege protects communications with an attorney that were (1) made for the purpose of obtaining or providing legal advice and (2) intended to be and were kept confidential. *See Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010). The privilege protects only communications and not the facts contained in the communications. *United States v. Nat'l Ass'n of Realtors*, 242 F.R.D. 491, 494 (N.D. Ill. 2007) (citing *Upjohn Co.*, 449 U.S. at 395–96). Additionally, the privilege may be waived by the holder explicitly or implicitly by voluntary disclosure of confidential communications. *Id.* (citing *Powers v. Chicago Transit Auth.*, 890 F.2d 1355, 1359 (7th Cir. 1989)).

With this guidance in mind, the court orders defendants to supplement their privilege log and reevaluate their claims of privilege. Specifically, defendants' amended log must contain all the information listed above and clarify whether entries eight and ten reference multiple documents. If defendants decide that any of the documents they are currently withholding as privileged are in fact not, they must produce the document with redactions as appropriate.

## C. Insurance policies

Next, plaintiff seeks production of any insurance policies that provide liability coverage to the defendants that were in effect at the time of the incident. Rule 26(a)(1)(iv) requires that a party must provide "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgement in the action or to indemnify or reimburse

for payments made to satisfy the judgment." As part of initial disclosures, defendants sent plaintiff a declarations page from an insurance company "Everest." Dkt. 37 at 3. Plaintiff followed up with a request for production of any and all insurance policies in effect at the time of the incident that provided liability coverage. *Id.* Defendants responded by pointing to the Everest policy. *Id.*

Plaintiff questions whether the Everest policy is the only policy that falls within the Rule 26 initial disclosures and its discovery requests. The question is understandable because defendants have been cagey on this point. They claim that they produced "the only insurance policy applicable to this case *given its nature and the amount at stake*" and/or that they produced the only policy "that applies to this lawsuit *in an amount in excess of what is reasonably recoverable based on the representations of damages made by Plaintiff's counsel.*" Dkt. 43 at 9, 12–13 (emphases added). But they have not plainly stated that the Everest policy is the only policy that falls within the ambit of the disclosure rule.

The rule says "any," as in "any that may apply," and defendants cannot avoid this rule by choosing one policy that in their estimation would cover damages in the case. In short, "defense counsel's valuation of the case . . . is just not enough to negate [Rule 26's] obligation to produce the insurance agreement." *Hartman v. Am. Red Cross*, No. 09-1302, 2010 WL 1882002, at *2 (C.D. Ill. May 11, 2010) (noting a majority of district courts have concluded the same). Defendants cite no contrary authority. Accordingly, defendants must supplement its initial disclosures by producing all insurance policies that fall within Rule 26(a)(1)(A)(iv) or amend its discovery responses to indicate that no additional such policies exist by the deadline stated below.

**D. Confidentiality**

Finally, the parties discuss various documents withheld based on confidentiality. Dkt. 37 at 9; Dkt. 43 at 4–8.  The court has since resolved the parties' disputes concerning a standing protective order and thus considers this issue moot.  Dkt. 59.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to compel discovery, Dkt. 36, is GRANTED in part and DENIED in part.

2. Defendants are to:

    a. supplement their privilege log and reevaluate their claims of privilege in line with the rules set forth in section B(ii) by September 30, 2024; and

    b. produce all insurance agreements that fall within Federal Rule of Civil Procedure 26(a)(1)(A)(iv) by September 30, 2024, or otherwise swear under oath that no other such agreements exist.

Entered 16th day of September, 2024.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge