IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD PETERSEN,

                Plaintiff,

v.

HORMEL FOODS CORPORATION,
JENNIE-O TURKEY STORE, INC.,
And EVEREST NATIONAL INSURANCE COMPANY,

                Defendants.

OPINION and ORDER

24-cv-137-jdp

---

Before the court is plaintiff's motion for sanctions and to enforce the court's September 16 discovery order, Dkt. 71, which commanded defendants Hormel Foods Corp. and Jennie-O Turkey Store Inc. to supplement their privilege log, reevaluate their claims of privilege, produce any improperly withheld documents, and produce all applicable insurance agreements, Dkt. 69 at 7. Plaintiff reports that defendants failed to meaningfully and timely comply with the court's order. He now asks for another order commanding full compliance and requests sanctions, including costs associated with bringing the instant motion. The parties have briefed the issues, and the motion is ready for resolution. For the reasons below, the court grants the motion in large part, orders defendants to produce the documents listed in their privilege log for *in camera* review, and to pay plaintiff's reasonable expenses, including attorney's fees, associated with litigating the instant motion.

BACKGROUND

On September 16, 2024, the court found defendants' privilege log was deficient and ordered defendants to supplement the log by including information necessary to assess their

claims of privilege, including: (1) the name and job title or capacity of the author(s)/originator(s), (2) the names of all person(s) who received the document or a copy of it and their affiliation (if any) with the producing party, (3) a general description of the document by type, (4) the date of the document, and (5) a general description of the subject matter of the document. Dkt. 69 at 3–4.

The court also found defendants failed to comply with Rule 26's disclosure requirements for insurance policies. Defendants had produced one insurance policy and stated it was "the only insurance policy applicable to this case given its nature and the amount at stake," or "in an amount in excess of what is reasonably recoverable based on the representations of damages made by plaintiff's counsel." *Id.* at 6. The court determined defendants were improperly limiting their production and ordered defendants to produce all insurance agreements that fell within Federal Rule of Civil Procedure 26(a)(1)(A)(iv), or otherwise swear under oath that no other such agreements existed. *Id.* at 6–7.

In response to the order, defendants produced a third amended privilege log, which essentially reformatted their deficient second amended privilege log into a new table. Defendants did add some additional notes, retitled some of the documents, and lowered the number of entries from ten to nine. *Compare* Dkt. 73-1 *with* Dkt. 73-3. But defendants failed to contemporaneously produce the removed document. Dkt. 71 at 6. Six of the entries in the new log lacked dates, none of the entries indicated the sender or recipient of the documents, and many of the entries were vaguely described.[1]

---

[1] E.g., "Hormel Internal Investigation Excel Document" and "Event timeline of notable events."

In response to the court's order on the insurance policies, defendants declared "The Everest policy referenced above, [the only produced policy,] is the only applicable insurance policy because it provides coverage up to $10 million, which exceeds the amount reasonably recoverable in this case. No other *applicable* insurance agreements under [Rule] 26(a)(1)(A)(iv) exist." Dkt. 73-2 at 2 (emphasis added).

Plaintiff filed this motion to enforce the court's discovery order and for sanctions. Dkt. 71. This prompted defendants into action. On October 15, 2024, defendants served plaintiffs with a fourth amended log that added thirty-two entries with dates, additional information, and an employee index. Dkt 74-2. Defendants also produced additional documents, including emails that were removed from the third amended privilege log and seven additional insurance policies. Dkt. 74 at 8.

Defendants now argue that, while they believed their third amended privilege log and production of the single insurance policy complied with the court's discovery order, their production of a fourth amended privilege log and seven additional insurance policies rendered "further judicial intervention unnecessary." Dkt. 74 at 10. Defendants further argue sanctions are inappropriate because the third and fourth amended logs contained all the information they had, which amounted to a "good faith" effort to comply with the order. *Id.* at 7.

The court ordered plaintiff to file a reply clarifying which issues remained after defendants produced the supplemental filings. Dkt. 76. Plaintiff argues the fourth amended privilege log remains deficient for lack of crucial information and that sanctions are appropriate because defendants did not comply with the discovery order and only made efforts to do so in response to plaintiff's motion to enforce the order. Dkt. 77 at 3–4.

3

ANALYSIS

Defendants appear to have made only a halfhearted initial effort to comply with the court's discovery order. It was only after plaintiff filed the instant motion that defendants made any real movement on the privilege log and the insurance agreements. Even now, as explained below, the privilege log remains deficient. And defendants' conduct regarding the production of the insurance agreements was dilatory at best. Based on this record, the court will order *in camera* review of the logged documents and will shift expenses to compensate plaintiff for having to move to enforce the court's order.

**A.  Privilege Log**

Defendant's third amended privilege log was wholly deficient. It was nearly identical in content to the second privilege log that the court found required supplementation. But rather than incorporate the specific information enumerated in the court's order, Dkt. 69 at 3–4, in a way that would enable plaintiff and the court to assess their claims, defendants merely reorganized the log entries into a table, omitted one document, and added three dates. Dkt. 73-1 at 2. Other dates, authors, recipients, job titles, and clear descriptions were still missing. *See id.* And defendants failed to produce the document they removed from the log. Dkt. 71 at 6.

The fourth amended privilege log, Dkt. 75-1, while more robust and complete than the previous iteration, still fails to provide sufficient detail for the court to assess the assertions of privilege. Notably, all but two of the entries claim solely work-product protection, not attorney-client privilege. As discussed at length in the court's order, Dkt. 69 at 4–5, but restated here for defendants' benefit, work product protection prohibits discovery of otherwise-discoverable "documents and tangible things that are prepared *in anticipation of litigation or for*

4

*trial* by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A) (emphasis added). The rule extends only to documents that were created in anticipation of litigation. *See Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1118–19 (7th Cir. 1983). Thus, a description of documents withheld as work product must include sufficient information to show that they were in fact prepared in anticipation of litigation and *not* in the ordinary course of business. The court stresses the point made in the order that, if a company investigates an accident or event as an ordinary business procedure, any investigative documents born out of that investigation are not privileged work product. *Id.*

Defendants, as the parties resisting discovery, bear the burden of showing that the withheld documents are in fact privileged. *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991). From what defendants have submitted, it is not clear that many of the logged documents meet the definition of work product. On the contrary, many appear to be exactly the kind of internal-corporate-policy-driven investigative documents[2] or run-of-the-mill communications regarding operations[3] excepted from the work product protection rule. When the parties' submissions fail to convince the court one way or the other, *in camera* review of the documents is appropriate. *In re Grand Jury Proc.*, 220 F.3d 568, 571–72 (7th Cir. 2000).

Thus, the court ORDERS defendants to produce the privilege log and all the documents listed in it for *in camera* review, as well as any additional explanation and sworn testimony in

---

[2] E.g., entries 000590 discussing "the events of the 10/31/2022 incident, including emergency response, data collection, and clean-up efforts moving forward" and 000848 "Hormel Internal Plant Impact notes and report containing notable events occurring on 10/31/22[.]" Dkt. 75-1 at 4, 5.

[3] E.g., entry 000668 "[e]mail exchange . . . regarding emptying and removing the subject tank and updates on chemical levels." Dkt. 75-1 at 5.

5

support of withholding the documents defendants wish to provide within one week of this order.

## B.  Sanctions

District courts have discretion to impose sanctions for failure to comply with discovery orders.  *Farrar v. City of Chicago*, 61 F. App'x 967, 969 (7th Cir. 2003).  Further, Rule 37(b)(2)(C) states that the court must order the disobedient party to pay the reasonable expenses caused by the failure, including attorney's fees, unless the failure was substantially justified.  *Cooke v. Jackson Nat'l Life Ins. Co.*, 919 F.3d 1024, 1029 (7th Cir. 2019).

Defendants assert that sanctions are not warranted because their "privilege log and production to date comply with the order."  Dkt. 74 at 4.  As explained above, whether defendants' privilege log in fact complies with procedural rules is still an open question.  But even so, the deadline for compliance with the order was *not* October 15, 2024, the date defendants filed their response and served their supplemental materials on plaintiff, but rather September 30, 2024, as plainly stated in the order.  So, in addition to being of dubious merit, claiming that they have *now*, "to date," complied with the order is not their saving grace.

But more troubling are defendants' activities concerning the insurance policies.  In the discovery order, the court rejected defendants' theory that their valuation of the case bore on their duty to disclose insurance policies under Rule 26, ultimately ordering defendants to "[produce] all insurance agreements that fall within Rule 26(a)(1)(A)(iv) or otherwise swear under oath that no other such agreements exist[.]"  Dkt. 69 at 7.  Defendants did neither.  Instead, undeterred, they doubled down, employing the *exact same* invalid argument to continue to withhold *seven* additional insurance policies that were ultimately produced only in response to the instant motion.  Dkt. 74 at 9.

Because defendants sat on seven additional policies and delayed robust efforts to create a valid privilege log until plaintiff moved to enforce, the court ORDERS defendants to pay the reasonable expenses, including attorney's fees, plaintiff incurred in filing and litigating this motion, an accounting of which shall be provided by plaintiff two weeks from this order. At this point, the court is not persuaded that any more drastic sanction is warranted. Going forward, defendants should be especially cautious in how they respond to this court's orders.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for sanctions and to enforce the court's discovery order, Dkt. 71, is GRANTED as described above.

2. Defendants Hormel Foods Corp. and Jennie-O Turkey Store Inc. shall produce to the court their privilege log and all the documents listed therein for *in camera* review within one week of this order. Defendants may submit additional explanation and sworn testimony in support of withholding the documents by the same date.

3. Defendants Hormel Foods Corp. and Jennie-O Turkey Store Inc. shall pay to plaintiff the reasonable expenses, including attorney's fees, incurred in filing and litigating this motion.

4. Plaintiff shall file with the court an accounting of the attorney's fees incurred in filing and litigating this motion within two weeks of this order.

Entered December 11, 2024.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge