IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD PETERSON,

                       Plaintiff,

  and

ARCH INSURANCE COMPANY,

                       Intervenor-Plaintiff,

  v.

HORMEL FOODS CORPORATION, JENNIE-O
TURKEY STORE, INC., and EVEREST NATIONAL
INSURANCE COMPANY,

                       Defendants and third-party
                       plaintiffs,

  v.

SCHMIDT TRANSPORTATION, INC.

                       Third-party defendant.

OPINION and ORDER

24-cv-137-jdp

---

       This is a civil case in which plaintiff Richard Peterson alleges that he was exposed to noxious vapors because of defendants' negligence. Peterson and intervenor-plaintiff Arch Insurance Company (Peterson's workers compensation insurer) move for two things. First, they ask for court approval of their agreement regarding how they will allocate the settlement paid by defendants. Dkt. 101.[1] Second, they ask to seal the details of the allocation in accordance with a confidentiality agreement. Dkt. 100. These documents raise four questions that the parties don't answer.

---

[1] The document is called a "stipulation" rather than a motion, but the parties attach a proposed order approving the stipulation, so the document is more accurately characterized as a motion.

First, the parties have not established that the court can exercise subject matter jurisdiction over the case, and that issue cannot be waived. *See Crosby v. Cooper B Line, Inc.*, 725 F.3d 795, 799 800 (7th Cir. 2013). Peterson relies on 28 U.S.C. § 1332, which requires complete diversity of citizenship and an amount in controversy more than $75,000. The jurisdictional minimum is easily satisfied because Peterson alleges "severe and permanent injuries to his mind and body, including, but not limited to, chronic respiratory failure." Dkt. 29, ¶ 16. But questions remain about diversity of citizenship. Defendants admit in their answers that they are incorporated in Delaware or Minnesota, and their principal places of business are in New Jersey or Minnesota, Dkt. 39, ¶¶ 3–4 and Dkt. 65, ¶ 5. As for third-party defendant Schmidt, it admits in its answer that Nebraska is its state of incorporation and the location of its principal place of business. Dkt. 41, ¶ 5. Those are judicial admissions that the court can consider for determining jurisdiction. *See Stevens v. Stryker Corp.*, No. 12-cv-63-bbc, 2013 WL 12109101, at *3 (W.D. Wis. May 9, 2013).

The problems are with plaintiffs. Peterson alleges that he is a citizen of Iowa and that Arch is a citizen of Missouri, but defendants did not admit those allegations. *See* Dkt. 39, ¶¶ 1–2; Dkt. 65, ¶¶ 1–2. So plaintiffs must come forward with evidence of their citizenship. The parties may file a stipulation on plaintiffs' citizenship, so long as the stipulation identifies the underlying facts establishing citizenship. *See Prizevoits v. Indiana Bell Telephone Co.*, 76 F.3d 132, 134 (7th Cir. 1996). Whatever evidence the parties submit should clarify Arch's citizenship. Plaintiffs allege in their complaint simply that Arch is a citizen of Missouri without identifying what type of entity it is or the basis for the allegation of citizenship. Arch's notice of corporate disclosure has the same problem. Dkt. 25. That matters because the citizenship of incorporated

entities is determined differently from unincorporated entities. *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Second, the motion for court approval of the allocation agreement is based on Nebraska law, but the parties do not explain why. The amended complaint relies on Wisconsin law. Nebraska law may govern the settlement because Peterson's employer is located in Nebraska, but the parties should clarify this issue.

Third, the Nebraska statute the parties cite states that court approval is needed only if the employee and insurer do not have a written agreement regarding the distribution of the settlement, *see* Neb. Stat. § 48-118.04(1), but the parties state that they have such an agreement. If no agreement is reached, the court must determine whether the settlement is "fair and reasonable considering liability, damages, and the ability of the third person and his or her liability insurance carrier to satisfy any judgment." *Id.* § 48-118.04(1)(b). But the parties provided no information that would allow the court to make that determination. So the parties must explain why they believe they need court approval, and, if such approval is needed, they must show that they meet the statutory standard.[2]

Fourth, if court approval of the settlement is needed, it is not clear that it is appropriate to seal the details of the agreement. Generally, the basis for any court decision belongs in the public record. *See GEA Grp. AG v. Flex N Gate Corp.*, 740 F.3d 411, 419–20 (7th Cir. 2014).

---

[2] Wisconsin has a similar statute that governs settlements involving workers compensation insurers. *See* Wis. Stat. § 102.29. The parties may wish to review this court's previous orders on motions under that statute as instructive of the type of showing they need to make. *See Washington v. National Indemnity Company*, No. 23-cv-153-jdp (W.D. Wis.), Dkt. 65 and Dkt. 70; *Scharfe v. Klippen*, No. 22-cv-629-jdp (W.D. Wis.), Dkt. 50; Dkt. 66; Dkt. 71.

This includes settlement agreements that require court approval. *See Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). If the parties are correct that court approval is needed, they will have to satisfy this circuit's standard for keeping the information private. *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545–46 (7th Cir. 2002).

ORDER

IT IS ORDERED that plaintiffs may have until June 30, 2025, to supplement their motion for court approval and motion to seal with the information identified in this order. If plaintiffs fail to respond by then, the court will dismiss the case for lack of subject matter jurisdiction.

Entered June 16, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge